2020 IL App (3d) 190272

Opinion filed June 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0272 Circuit No. 18-CF-486 |
| | ) | |
| LAVAIL D. DAVIS, | ) ) | |
| | ) | Honorable Clark E. Erickson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Presiding Justice Lytton dissented, with opinion.

**OPINION**

¶ 1    The State appeals the trial court's order suppressing the recording of a drug transaction between defendant, Lavail D. Davis, and a confidential informant (CI). The State also challenges the suppression of the CI's in-person testimony regarding the transaction. We reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3    The State charged defendant with unlawful delivery of a controlled substance. 720 ILCS 570/401(d) (West 2018). The charges stem from a drug transaction that a CI surreptitiously recorded with an audio and video recording device hidden on his person.

¶ 4         Defendant filed a motion to suppress evidence. The motion alleged that the audio and video recording constituted illegal eavesdropping. According to defendant, the police obtained an overhear authorization to record a specific targeted individual. The authorization did not name defendant as the target. Therefore, the CI illegally recorded the conversation he had with defendant. Defendant further argued that the CI's in-person testimony should also be suppressed as the fruit of a poisonous tree.

¶ 5         The parties did not present any evidence at the hearing on defendant's motion to suppress. However, the uncontested evidence is as follows. The Kankakee Area Metropolitan Enforcement Group (KAMEG) received an overhear authorization from the state's attorney. The authorization provided for the recording of a controlled drug purchase between the CI and a specific individual targeted for selling narcotics. The CI previously purchased drugs from the target and arranged for another purchase. The authorization did not name defendant as the person to be recorded. The CI wore a hidden device, which recorded both audio and video. When the CI went to the target's home to make the purchase, he could not locate the target. The CI left and walked to a different location nearby. The CI conducted a drug transaction with defendant. The purchase occurred on the exterior of a house. The State had no evidence that defendant and the target of the investigation acted in concert.

¶ 6         The parties agreed that the audio portion of the video recording of the drug transaction violated the eavesdropping statute because the audio recording of the conversation did not fall within the scope of the authorized overhear. Specifically, the authorization provided for the recording of the targeted individual, not defendant. Nevertheless, the State contended that the video recording and the confidential informant's testimony were admissible, as they were not barred under the eavesdropping statute.

¶ 7 Ultimately, the trial court found that the recording constituted illegal eavesdropping. The court suppressed both the audio and video portion of the recording. The court also barred the CI's testimony as to personally observing and receiving the drugs from defendant as the fruit of a poisonous tree.

¶ 8 The State filed a certificate of impairment pursuant to Illinois Supreme Court Rule 604(a) (eff. July 1, 2017), and this appeal follows.

¶ 9                                II. ANALYSIS

¶ 10 At the outset, the parties agree that the audio portion of the recording constituted illegal eavesdropping and should be suppressed since it did not fall within the scope of the overhear authorization. The State contends the trial court should not have suppressed the video (without audio) and the CI's in-person testimony. Specifically, the State contends that neither the video nor the CI's personal knowledge derived from the illegal audio recording. Consequently, the State contends that this evidence is not barred at trial. Resolving this question requires us to interpret section 14-5 of the Criminal Code of 2012 (720 ILCS 5/14-5 (West 2012)). Section 14-5 bars the admission of evidence obtained in violation of the eavesdropping statute. *Id.* Our review is *de novo*. See *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006).

¶ 11 The primary rule of statutory construction is to give effect to the true intent of the legislature, which is best determined from the statutory language itself. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). When statutory language is clear and unambiguous, it must be given effect without resort to other aids of interpretation. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 429 (2005). Unambiguous statutes must be enforced as enacted, and a court cannot depart from their plain language by reading into them exceptions, limitations, or

conditions that conflict with the expressed legislative intent. *Franz v. Calaco Development Corp.*, 352 Ill. App. 3d 1129, 1150 (2004).

¶ 12     The clear and unambiguous language of section 14-5 provides that "[a]ny evidence obtained in violation of this Article is not admissible in any civil or criminal trial ***." 720 ILCS 5/14-5 (West 2018)). The key to inadmissibility under section 14-5 is that the evidence must be obtained as a result of illegal eavesdropping activity. That is, either the evidence itself is an illegal recording of a conversation, or the illegal eavesdropping led investigators to inculpatory evidence. Upon review, we find the trial court erred in suppressing the video recording and the CI's in-person testimony since the evidence did not derive from a violation of the eavesdropping statute.

¶ 13     Under the plain language of section 14-5, the trial court correctly found the audio recording inadmissible on the basis that the audio recording itself constituted illegal eavesdropping. However, the prohibition does not extend to the video portion of the recording or the CI's personal knowledge of the drug transaction. This evidence derived independently from the illegal eavesdropping. The CI participated in the conversation. He did not eavesdrop. The dissent speculates that the CI would not have had a conversation with defendant but for the illegal audiotaping. This is pure fantasy unsupported by the record. In addition, the video recorded simultaneously with the audio recording.[1] In other words, neither the CI's personal knowledge nor the video recording resulted from the illegal eavesdropping. Therefore, section 14-5 does not bar the admission of the video recording or the CI's in-person testimony. There is no need to consider

_____

[1]We note that defendant only argued that section 14-5 barred the video portion of the recording. Defendant made no argument that the video recording standing alone should be barred under any other basis. In fact, defense counsel conceded that, if the video recording were made without audio, it would have been admissible.

the application of the fruit-of-a-poisonous-tree doctrine, as this evidence did not derive from illegal eavesdropping.

¶ 14    Our conclusion is supported by our supreme court's decision in *People v. Gervasi*, 89 Ill. 2d 522 (1982). In *Gervasi*, the supreme court considered the admissibility of transcripts and in-person testimony of overheard conversations. *Id.* Investigators suspected defendant of bribery. *Id.* at 524. Defendant made several telephone calls to the investigators. *Id.* at 524-25. Court reporters transcribed each telephone conversation while listening on an extension phone that had its speaking element removed. *Id.* Defendant also spoke to investigators several times in person. *Id.* at 525. On two of the face-to-face discussions, a court reporter transcribed the conversation without the aid of an eavesdropping device. *Id.*

¶ 15    On review, the supreme court first found that the extension phone with the speaking element removed constituted an eavesdropping device. *Id.* at 526-27. Therefore, the court found that the court reporters eavesdropped on defendant's telephone calls. *Id.* at 527. The supreme court found the court reporters' testimony and transcriptions were inadmissible as to the telephone conversations. *Id.* By contrast, the court held that the investigators that spoke to defendant over the phone could testify to the contents of the conversation. *Id.* at 531. The court found that the investigators did not eavesdrop but acted as a party to the conversation. *Id.* Therefore, the court held that the officers' knowledge of the conversation did not derive from illegal eavesdropping. As to the face-to-face conversations, the supreme court found the officers' and court reporters' testimony as well as the transcriptions admissible, as the evidence was obtained without the use of an eavesdropping device. *Id.* at 533-34.

¶ 16    Like the investigators in *Gervasi*, the CI in this case did not eavesdrop. Rather, the CI acted as a party to the conversation. Therefore, the CI's in-person testimony is admissible under *Gervasi*.

In addition, the video recording did not derive from eavesdropping activity. In other words, the audio eavesdropping did not lead the CI or police to the drug transaction. Rather, the CI made the video recording at the same time as the audio recording. The video is independent of the eavesdropping and, therefore, admissible.

¶ 17                                      III. CONCLUSION

¶ 18        For the foregoing reasons, we reverse and remand the judgment of the circuit court of Kankakee County.

¶ 19        Reversed and remanded.

¶ 20        PRESIDING JUSTICE LYTTON, dissenting:

¶ 21        I dissent. I disagree with the majority's determination that the video portion of the illegal recording and the testimony of the CI are independent of the government's illegal activities. I would affirm the trial court's order granting defendant's motion to suppress.

¶ 22        The eavesdropping statute provides: "Any evidence obtained in violation of this Article is not admissible in any civil or criminal trial ***." 720 ILCS 5/14-5 (West 2018). This provision is "the legislature's express adoption of the 'fruit of the poisonous tree' doctrine." *In re Marriage of Almquist*, 299 Ill. App. 3d 732, 737 (1998) (citing *People v. Maslowsky*, 34 Ill. 2d 456, 464-65 (1966)). "Under the 'fruit of the poisonous tree' doctrine, an unlawful search taints not only the evidence obtained from the search, but also evidence derivative of the search." *Id.* (citing *Wong Sun v. United States*, 371 U.S. 471 (1963)).

¶ 23        The statute's exclusionary rule applies to information derived from a process initiated by an unlawful act but does not extend to evidence obtained from an independent source. *People v. Seehausen*, 193 Ill. App. 3d 754, 761 (1990). If knowledge of facts is gained from an independent source, those facts may be proven like any other evidence, but knowledge gained by the

government's wrongdoing is inadmissible. *Wong Sun*, 371 U.S. at 485. The "proper test to be applied" is " ' "[w]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." ' " *United States v. Wade*, 388 U.S. 218, 241 (1967) (quoting *Wong Sun*, 371 U.S. at 488).

¶ 24 The independent source doctrine applies to "evidence acquired in a fashion untainted by the illegal evidence-gathering activity." *Murray v. United States*, 487 U.S. 533, 537-38 (1988). Where an illegal government activity "has given investigators knowledge of facts x and y, but fact z has been learned by other means, fact z can be said to be admissible because derived from an 'independent source.' " *Id.* at 538. The doctrine applies where a lawful seizure is genuinely independent of a tainted one. *Id.* at 542.

¶ 25 The independent source doctrine allows admission of evidence that has been discovered by means wholly independent of unlawful activity. *Nix v. Williams*, 467 U.S. 431, 443 (1984); see also *United States v. San Martin*, 469 F.2d 5, 8 (2d Cir. 1972) (independent source must be entirely separate from illegal eavesdropping); *Simmons v. United States*, 354 F. Supp. 1383, app. C 1394 (N.D.N.Y. 1973) (evidence obtained from an "independent source" cannot be obtained from or as a consequence of lawless official acts). There must not be any connection between the government's illegal conduct and the State's proof. See *Nardone v. United States*, 308 U.S. 338, 341 (1939); *People v. Porcelli*, 25 Ill. App. 3d 145, 150 (1974).

¶ 26 Evidence should be suppressed where "the initial illegality 'led *directly* to any of the evidence actually used against the defendant at trial.' " (Emphasis in original.) *United States v. Smith*, 155 F.3d 1051, 1061 (9th Cir. 1998) (quoting *United States v. Carsello*, 578 F.2d 199, 203 (7th Cir. 1978)). Independent, untainted sources of evidence include testimony from witnesses

who acted voluntarily, free from coercion and not part of the illegal government activity. See *United States ex rel. Conroy v. Bombard*, 426 F. Supp. 97, 106 (S.D.N.Y. 1976); see also *State v. Pierson*, 248 N.W.2d 48, 53 (S.D. 1976) (evidence of drugs found from individuals cleaning motel room with no relation to illegal wiretap); *People v. Mendez*, 268 N.E.2d 778, 782 (N.Y. 1971) (surveillance leading to a witness was source of information independent of illegal wiretap).

¶ 27 "The fundamental purpose of \*\*\* eavesdropping statutes is to prohibit unauthorized eavesdropping and the use of evidence gained by such eavesdropping." *In re Cook County Grand Jury*, 113 Ill. App. 3d 639, 646 (1983). "The spirit and purpose of the [Illinois] eavesdropping statute are not only to ensure that all eavesdropping is subject to judicial supervision but to prevent unwarranted intrusions into an individual's privacy." *People v. Monoson*, 75 Ill. App. 3d 1, 8 (1979). Suppression of illegally recorded evidence is required "where there is a failure to satisfy any of the statutory requirements that directly and substantially implement the legislative intent to limit the use of overhears." *People v. Cunningham*, 2012 IL App (3d) 100013, ¶ 22.

¶ 28 Courts in several states have ruled that video and/or testimonial evidence must be suppressed where, as here, it is connected to an illegal recording. See *Commonwealth v. Dunnavant*, 107 A.3d 29, 31 (Pa. 2014) (*per curiam*); *State v. Lo*, 675 P.2d 754, 760 (Haw. 1983); *State v. Williams*, 617 P.2d 1012, 1019 (Wash. 1980) (*en banc*); *State v. Mullens*, 650 S.E.2d 169, 190 (W. Va. 2007); *People v. Dezek*, 308 N.W.2d 652, 657 (Mich. Ct. App. 1981) (*per curiam*). In *State v. Williams*, 617 P.2d at 1019, the Washington Supreme Court held that, where a police officer and civilian informant knowingly took part in the illegal recording of a conversation with the defendant, the State was prohibited from admitting into evidence the recordings of the conversation as well as the testimony of the officer and informant who participated in the conversation. The court found that suppression of the testimony of the officer and informant was

necessary to accomplish the purpose of the state's privacy act, which was " 'protection of the privacy of individuals from public dissemination, even in the course of a public trial, of illegally obtained information.' " (Emphasis omitted.) *Id.* (quoting *State v. Wanrow*, 559 P.2d 548, 555 (Wash. 1977) (*en banc*)).

¶ 29  In this state, courts have uniformly held that testimony about an illegally recorded conversation is admissible only if the presence of the illegal recording did not lead to the conversation about which the testimony is sought to be introduced. See *Gervasi*, 89 Ill. 2d at 530 (testimony of officers admissible where it was not "induced or influenced by the eavesdropping"); *People v. Babolcsay*, 368 Ill. App. 3d 712, 716 (2006) (officer's testimony admissible because "videotaping activity did not lead to the officer's conversation"); *People v. Mosley*, 63 Ill. App. 3d 437, 444 (1978) (officer's testimony about conversations with defendant admissible because conversations "would have occurred even if [the officer] had not received approval to carry a recorder on his person"); *Porcelli*, 25 Ill. App. 3d at 150 (officer could testify about conversation with defendant because officer "did not telephone [defendant] just so that a recording could be made").

¶ 30  Here, the majority found that the video portion of the illegally intercepted message and testimony from the CI were "independent sources" of evidence. This conclusion is not supported by the law or the record. In this case, the video portion of the recording was part of, not separate from, the illegal recording. Additionally, testimony from the CI is not separate from the illegal recording because the informant was responsible for the illegal recording and would not have engaged in any conversation with defendant but for the presence of the recording equipment. Both the video portion of the recording and the CI's testimony are tainted by the illegal activity and, thus, inadmissible.

¶ 31      The majority's decision is contrary to the statute's purposes of protecting the privacy of individuals. The unwarranted intrusion of an individual's privacy can only be remedied by suppression of all evidence connected to an unlawful eavesdropping recording, including all portions of the recording and testimony regarding the contents of the recording. See *Williams*, 617 P.2d at 1019; see also *Wong Sun*, 371 U.S. at 485 ("[T]estimony as to matters observed during an unlawful invasion has been excluded in order to enforce the basic constitutional policies."). By allowing admission of the video portion of the recording and testimony from the CI, the majority is not protecting the privacy of individuals or discouraging illegal government activity.

¶ 32      The majority relies on *Gervasi* to support its decision. However, *Gervasi* is distinguishable. In *Gervasi*, our supreme court ruled that, where court reporters used illegal recording devices to listen to and transcribe telephone calls between the defendant and police officers, the testimony of the officers who took part in the conversations was admissible. See 89 Ill. 2d at 528-31. The court stated:

"The officers' knowledge of and [their] testimony concerning the contents of the phone conversations in our case were completely independent of the illegal eavesdropping. Therefore, there is no indication that the testimony of these officers was in any way induced or influenced by the eavesdropping. Here the officers were the actual participants in the conversations. Their knowledge of what was said was not derived from any illegal action. They spoke directly with the defendants, and most of the conversations were initiated by the defendants and none of them were the result of illegal eavesdropping. The officers were the participants in the conversations and were not the eavesdroppers." *Id.* at 530.

¶ 33      The court ruled that the officers' testimony as to the telephone conversations should not be suppressed because "[t]he officers did not surreptitiously obtain information from the defendants."

*Id.* at 531. Because the officers' knowledge was not derived from the court reporters' illegal eavesdropping activities, the officers' testimony did not violate the eavesdropping statute. *Id.* at 529.

¶ 34    Unlike the officers in *Gervasi*, the CI in this case "surreptitiously recorded" defendant. See *supra* ¶ 3. Therefore, *Gervasi* does not apply. Here, the conversation between the CI and defendant was a direct result of illegal recording. If the CI had not been equipped with the recording equipment, he would not have attempted to engage in a drug transaction with defendant. Unlike the conversations the police officers testified to in *Gervasi*, which were motivated independently of and with no connection to the eavesdropping, the CI's contact with defendant was motivated entirely by the illegal recording equipment. Thus, any and all evidence obtained therefrom, including video of the transaction and the CI's testimony about his transaction with defendant, should be suppressed.

¶ 35    The majority's decision in this case is contrary to the statute, as well as the spirit and purpose of the statute. I would affirm the trial court's order suppressing all portions of the illegal recording as well as the CI's testimony regarding his conversation with defendant.

**No. 3-19-0272**

| | |
|---|---|
| **Cite as:** | *People v. Davis*, 2020 IL App (3d) 190272 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 18-CF-486; the Hon. Clark E. Erickson, Judge, presiding. |
| **Attorneys for Appellant:** | Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, Thomas D. Arado, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | Bart E. Beals, of Beals Law Firm, of Chicago, for appellee. |