NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210748-U

NO. 4-21-0748

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 16, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DEVITO M. TAYLOR, | ) | No. 17CF462 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: We grant the Office of the State Appellate Defender's motion to withdraw as
appellate counsel and affirm the trial court's judgment finding no meritorious
claims can be raised on appeal.

¶ 2    Defendant, Devito M. Taylor, appeals from the trial court's summary dismissal of

his postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD)

moves to withdraw as appellate counsel on the ground no issue of arguable merit can be raised.

We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4    In April 2017, the State charged defendant with two counts of unlawful

possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)) (counts II and VI) and

one count each of being an armed habitual criminal (*id.* § 24-1.7(a)) (count I), possession of a

stolen firearm (*id.* § 24-3.8(a)) (count III), manufacture or delivery of a controlled substance with

intent to deliver more than 15 grams but less than 100 grams of a substance containing cocaine (720 ILCS 570/401(a)(2)(A) (West 2016)) (count IV), and unlawful possession of a controlled substance with intent to deliver less than 50 grams of a substance containing hydrocodone (*id.* § 401(d)) (count V). The charges related to items discovered during the execution of a search warrant at defendant's residence.

¶ 5        Officer Jim Kerner of the Urbana Police Department was a member of the Street Crimes Task Force and filed the complaint and affidavit for search warrant. In March 2017, Kerner met with a confidential informant who informed investigators he had purchased cocaine from a man he knew as "Vito" at Vito's residence on Northwood Drive South in Champaign on "over one hundred occasions." Kerner matched the name Vito to defendant, whose residence was at 1212 Northwood Drive South, and the confidential informant positively identified a photograph of defendant as Vito. Kerner used the confidential informant in two separate controlled buys with defendant. Kerner supplied the confidential informant with a "video-only recording device." Investigators surveilled the controlled buys, and the confidential informant was inside defendant's residence for approximately three minutes. The confidential informant told investigators he only had contact with defendant when he purchased the substance, which tested positive in a field test for cocaine. Kerner watched the video recorded by the confidential informant's camera during the purchases. During the second purchase, Kerner saw defendant "holding a plastic bag containing suspected cocaine."

¶ 6        Prior to trial, defendant filed a motion to compel supplemental discovery. Defendant argued, in part, for the release of the identity of the confidential informant. Without the confidential informant's name and criminal history, counsel was "unable to assess whether

any motions would be appropriate regarding the validity of the Search Warrant and Complaint and Affidavit for Search Warrant."

¶ 7 During a hearing on the motion, counsel argued she could not "make a valid assessment as to whether or not [she] would have potentially a motion to suppress" without the confidential informant's identity and other items related to the search warrant. The State argued the request related to probable cause, not guilt or innocence, and it was not required to disclose the identity of the confidential informant. The State confirmed it did not intend to call the confidential informant as a witness.

¶ 8 The trial court denied defendant's motion. The court found under Illinois Supreme Court Rule 412(j)(ii) (eff. March 1, 2001), a confidential informant's identity did not need to be disclosed where the defendant's constitutional rights were not infringed. Because the State did not intend to call the confidential informant as a witness and the informant was solely involved in the controlled buys for which defendant was not charged, disclosure was not required.

¶ 9                                    A. Jury Trial

¶ 10 In December 2017, defendant's jury trial commenced. The State proceeded only on counts I, IV, and VI.

¶ 11 Officer Kerner testified he participated in the search of defendant's residence. Defendant was the only person at home and was found "laying on his back on his bed in the southeast bedroom." Defendant confirmed he slept in the bedroom where police officers found him. Kerner identified People's Exhibit No. 1 as "36 smaller individually packaged bags" containing suspected crack cocaine and People's Exhibit No. 2 as a small "cylinder-shaped glass container" of suspected cocaine, both recovered from defendant's front right pants pocket. Kerner testified he and Officer Corey Phenicie further searched defendant's bedroom and found

a Beretta .25-caliber pistol under the mattress, five individually packaged bags of suspected cocaine in the pocket of a blue bathrobe, eight individually packaged bags of suspected cocaine in the pocket of a red bathrobe, and a larger bag of suspected cocaine behind the bedroom door, which Kerner identified as People's Exhibit Nos. 3, 4, 5, and 7, respectively. Kerner also identified People's Exhibit No. 6, which was a plastic bag containing a "sizable amount" of suspected cocaine found in the hallway of the home. Based on his experience, Kerner believed the bags containing the substances were packaged for sale and their total street value to be approximately $7000.

¶ 12　　　　Officer Matthew Ballinger testified he remained with defendant while other officers secured the residence. Ballinger stated defendant attempted to initiate a conversation and said "something in regards to, 'You won't find anything in here, it's back there. I don't keep it everywhere, you know.' "

¶ 13　　　　Defendant testified on his own behalf and indicated his wife and 15-year-old son resided with him. Defendant also testified he and his wife occasionally slept in separate bedrooms and stated he had fallen asleep in his wife's bedroom on the day police executed the search warrant. Defendant denied previously seeing any of the bags of suspected cocaine found throughout the residence or the .25-caliber pistol seized by police. Defendant stated both bathrobes in the bedroom belonged to his wife.

¶ 14　　　　At the conclusion of the trial, the jury found defendant guilty of manufacture or delivery of a controlled substance with intent to deliver 15 grams or more but less than 100 grams of a substance containing cocaine.

¶ 15     The trial court sentenced defendant to 30 years' imprisonment. Defendant appealed his conviction and sentence, and this court affirmed. See *People v. Taylor*, 2020 IL App (4th) 180300-U.

¶ 16                              B. Postconviction Petition

¶ 17     On August 21, 2021, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). In his petition, defendant argued he received ineffective assistance of counsel where counsel did not (1) challenge the search warrant for violating the eavesdropping statute (see 720 ILCS 5/14-5 (West 2016)), (2) argue the search warrant was the product of fraud, (3) raise an entrapment defense at trial, and (4) successfully argue for the disclosure of the confidential informant's identity.

¶ 18     On November 15, 2021, the trial court entered a written order summarily dismissing defendant's petition as frivolous and patently without merit. The court imposed a $40 filing fee and directed the Department of Corrections to collect the money from defendant's trust fund account.

¶ 19     Defendant appealed the trial court's summary dismissal of his postconviction petition. The court appointed OSAD to represent defendant on appeal. In May 2022, OSAD moved to withdraw as counsel on appeal. We granted defendant leave to file a response to OSAD's motion on or before June 14, 2022. Defendant has not done so.

¶ 20                              II. ANALYSIS

¶ 21     OSAD contends no meritorious argument can be made the trial court erred in summarily dismissing defendant's postconviction petition. We agree.

¶ 22        The Act provides a mechanism for a criminal defendant to challenge his conviction or sentence based on a substantial violation of federal or state constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). Proceedings under the Act are collateral in nature and not an appeal from the defendant's conviction or sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. At the first stage of proceedings, the trial court must, within 90 days and without seeking or relying on input from the State, summarily dismiss the petition if it determines the petition is frivolous or patently without merit, meaning "the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009); see also 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Gaultney*, 174 Ill. 2d 410, 419, 675 N.E.2d 102, 107 (1996). At the first stage of proceedings under the Act, all well-pleaded allegations are to be taken as true unless those allegations are positively rebutted by the record. *People v. Brown*, 236 Ill. 2d 175, 189, 923 N.E.2d 748, 757 (2010). We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Edwards*, 197 Ill. 2d 239, 247, 757 N.E.2d 442, 447 (2001).

¶ 23                                A. Substantive Error

¶ 24        OSAD asserts it can make no colorable argument the trial court substantively erred in dismissing defendant's postconviction petition where defendant's contentions have no merit. Defendant made several claims of ineffective assistance of counsel in his postconviction petition, namely, he received ineffective assistance where counsel did not (1) challenge the search warrant for violating the eavesdropping statute, (2) argue the search warrant was the product of fraud, (3) raise an entrapment defense at trial, and (4) successfully argue for the disclosure of the confidential informant's identity. We agree with OSAD none of defendant's claims of ineffective assistance of counsel have merit.

¶ 25                                    1. *Standard of Review*

¶ 26         To demonstrate ineffective assistance of counsel, a defendant must show
(1) counsel's performance fell below an objective standard of reasonableness and (2) the
deficient performance resulted in prejudice to the defendant such that, but for counsel's errors,
the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668,
688, 694 (1996). If a defendant fails to prove either prong of the *Strickland* test, his claim for
ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d
1199, 1208 (1996). In the context of postconviction proceedings, "a petition alleging ineffective
assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell
below an objective standard of reasonableness and (ii) it is arguable that the defendant was
prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 27                                    2. *The Eavesdropping Statute*

¶ 28         Defendant claimed counsel provided ineffective assistance where she failed to
challenge the search warrant for violation of the eavesdropping statute.

¶ 29         Section 14-2(a) of the Criminal Code of 2012 (720 ILCS 5/14-2(a) (West 2016))
provides:

> "A person commits eavesdropping when he or she knowingly and
> intentionally *** [u]ses an eavesdropping device, in a surreptitious manner, for
> the purpose of overhearing, transmitting, or recording all or any part of any
> private conversation to which he or she is not a party unless he or she does so
> with the consent of all of the parties to the private conversation."

Section 14-2(b) provides affirmative defenses to eavesdropping where the person is "a law enforcement officer acting pursuant to an order of interception." *Id.* § 14-2(b)(1). Evidence obtained through illegal eavesdropping is inadmissible. *Id.* § 14-5.

¶ 30　　　　In this case, Officer Kerner's affidavit and testimony concerning the controlled purchase only refer to video recordings. In his affidavit, Officer Kerner describes the recording device as a "video-only recording device." Defendant provided no evidence of an audio recording. Video recording alone is not eavesdropping under the definition of section 14-2(a). *Id.* § 14-2(a); see also *People v. Davis*, 2020 IL App (3d) 190272, ¶ 16, 157 N.E.3d 1076 (holding a video recording was independent from a simultaneous illegal audio eavesdropping). As Officer Kerner's search warrant affidavit was based on the video-only recording and the statement of the confidential informant, the search warrant was not derived from an illegal audio eavesdropping. Therefore, any argument by counsel the search warrant was the product of eavesdropping would be meritless. Defendant cannot demonstrate prejudice. See *Hodges*, 234 Ill. 2d at 17. Thus, the trial court did not err in finding defendant's claim to be frivolous and patently without merit.

¶ 31　　　　　　　　　　　　　　3. *Fraud*

¶ 32　　　　Next, defendant claimed counsel was ineffective for failing to argue the search warrant was the product of fraud. Specifically, defendant argued Officer Kerner committed fraud in the search warrant application affidavit by claiming to have "known [defendant] to be in violation of Drug Laws" by viewing the video recording.

¶ 33　　　　In *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978), the Supreme Court recognized a limited right to challenge the veracity of the affidavit supporting a search warrant. In order to overcome the presumption of validity of a search warrant affidavit sufficient to invoke a hearing pursuant to *Franks*, "a defendant must make a 'substantial preliminary showing

that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit' and that 'the allegedly false statement is necessary to the finding of probable cause.' " *People v. Petrenko*, 237 Ill. 2d 490, 499-500, 931 N.E.2d 1198, 1204 (2010) (quoting *Franks*, 438 U.S. at 155-56).

¶ 34 In this case, defendant cannot make a substantial preliminary showing as to the alleged false statement because Officer Kerner did not make the statement defendant claims. The search warrant affidavit does not claim Officer Kerner knew defendant was engaging in a drug transaction. Officer Kerner rather stated he "watched the video footage" from the confidential informant, the confidential informant entered defendant's residence to purchase cocaine, and the video showed defendant "holding a plastic bag containing suspected cocaine while inside the premises." The confidential informant stated defendant sold him cocaine and identified defendant by photograph. Therefore, defendant's claim Officer Kerner lied in the search warrant affidavit by claiming to have "known [defendant] to be in violation of Drug Laws" is positively rebutted by the record.

¶ 35 Because the claim is positively rebutted by the record, defendant cannot establish prejudice from counsel's failure to challenge the search warrant as a product of fraud. See *Hodges*, 234 Ill. 2d at 17. As such, the trial court did not err in finding defendant's claim was frivolous and patently without merit.

¶ 36 4. *Entrapment*

¶ 37 Defendant asserted counsel was ineffective for failing to raise an entrapment defense. Defendant claimed the confidential informant told Officer Kerner he could "convince" defendant to sell him cocaine, thereby entrapping him.

¶ 38 " 'Entrapment requires that a defendant show both that the State improperly induced him or her to commit a crime and that he or she was not otherwise predisposed to commit the offense.' " *People v. Bonner*, 385 Ill. App. 3d 141, 145, 895 N.E.2d 99, 103 (2008) (quoting *People v. Glenn*, 363 Ill. App. 3d 170, 173, 842 N.E.2d 773, 776 (2006)). "The entrapment defense is unavailable where the State has merely provided the defendant an opportunity to commit the crime." *People v. Arndt*, 351 Ill. App. 3d 505, 516, 814 N.E.2d 980, 991 (2004).

¶ 39 In this case, defendant was not charged for the drug transaction involving the confidential informant. Defendant was charged and convicted of manufacture and delivery of a controlled substance with intent to deliver involving the cocaine recovered during the execution of the search warrant. Nothing in the record demonstrates the confidential informant "induced" defendant to possess the cocaine found in his residence. Entrapment is an affirmative defense to an offense. See 720 ILCS 5/7-12 (West 2016). As defendant was not charged with an offense for the transaction with the confidential informant, any entrapment argument based on the confidential informant's actions would be meritless. Defendant cannot show he was prejudiced by counsel's failure to raise a meritless defense. See *Hodges*, 234 Ill. 2d at 17. The trial court properly denied defendant's entrapment claim as frivolous and patently without merit.

¶ 40                                    5. *Confidential Informant*

¶ 41 Finally, defendant asserted he received ineffective assistance when counsel failed to successfully argue for the disclosure of the identity of the confidential informant.

¶ 42 Illinois Supreme Court Rule 412(j)(ii) (eff. Mar. 1, 2001) provides, "Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused." See also *People v.*

*Criss*, 294 Ill. App. 3d 276, 280, 689 N.E.2d 645, 648 (1998) (noting "[t]he State may refuse to disclose the identity of law enforcement informants, so long as the nondisclosure will not deny an accused his constitutional rights"). "[T]he propriety of disclosing the informant's identity must be decided on a case-by-case basis, balancing the public interest in protecting informants against the right of the accused to prepare a defense." *People v. Ofoma*, 242 Ill. App. 3d 697, 704, 610 N.E.2d 738, 743 (1993). "[I]f 'the issue is one of probable cause, and guilt or innocence is not at stake, the nondisclosure of an informer's identity is not error.' " *People v. McBee*, 228 Ill. App. 3d 769, 773, 593 N.E.2d 574, 576 (1992) (quoting *McCray v. Illinois*, 386 U.S. 300, 311 (1967)).

¶ 43         Trial counsel argued for the disclosure of the identity of the confidential informant in order to assess the validity of the search warrant, which was primarily based on the informant's statement and activity. The trial court denied defendant's motion for disclosure. Disclosure of the informant's identity was not relevant to the charges defendant was facing at trial, as the confidential informant was not involved in the search and discovery of cocaine in defendant's residence. The confidential informant was not called as a witness at trial. Instead, the confidential informant was only involved in establishing probable cause necessary for obtaining a search warrant. Therefore, as the issue of the confidential informant's identity is "one of probable cause, and guilt or innocence [was] not at stake," it was not error for the trial court to deny the disclosure. See *McBee*, 228 Ill. App. 3d at 773. Defendant cannot demonstrate he was prejudiced by counsel not arguing more vigorously for disclosure when there was no such viable argument to be made. As defendant cannot establish prejudice, the trial court did not err in finding his claim was frivolous and patently without merit.

¶ 44                                B. Procedural Error

¶ 45 OSAD asserts it can make no colorable argument the trial court procedurally erred in summarily dismissing defendant's postconviction petition at the first stage. The trial court entered its written order on November 15, 2021, 87 days after defendant filed his petition. The court's decision was within the 90-day period allotted by the Act and the State did not participate in the first-stage review. Accordingly, we agree with OSAD it is not arguable the trial court procedurally erred in dismissing defendant's petition.

¶ 46 OSAD also asserts it can make no colorable argument the trial court erred by not waiving defendant's filing fees. Section 27.9(a) of the Clerks of Courts Act (705 ILCS 105/27.9(a) (West 2020)) provides:

"The fees of the clerks of the circuit court shall not be waived for a petitioner who is a prisoner in an Illinois Department of Corrections facility who files a pleading, motion, or other filing *** seeking post-conviction relief under [The Act] *** and the defendant is the State ***, and the court makes a specific finding that the pleading, motion, or other filing which purports to be a legal document is frivolous."

Similarly, section 105(a) of the Code of Civil Procedure (735 ILCS 5/22-105(a) (West 2020)) provides:

"If a prisoner confined in an Illinois Department of Corrections facility files a pleading, motion, or other filing *** seeking post-conviction relief under [the Act] *** against the State *** and the Court makes a specific finding that the pleading, motion or other filing which purports to be a legal document filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs."

As discussed above, defendant's petition was frivolous and patently without merit. The court made a specific finding in its written order finding defendant's petition frivolous. Therefore, the court did not err where the filing fees "*shall not* be waived." (Emphasis added.) See 705 ILCS 105/27.9(a) (West 2020). In addition, the court is authorized by statute to collect filing fees from a prisoner's trust fund account. 735 ILCS 5/22-105(a) (West 2020). Accordingly, we agree with OSAD it is not arguable the trial court erred in assessing and collecting defendant's filing fees.

¶ 47                               III. CONCLUSION

¶ 48            For the reasons stated, we agree no meritorious issue can be raised on appeal. We grant counsel's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 49            Affirmed.